UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
:
JARED EDWARDS, :
:
            Plaintiff, : No. 09 Civ. 10263 (CM)
:
     - against - : **ANSWER**
:
KEENAN IVORY WAYANS, SHAWN :
WAYANS, MARLON WAYANS, WAYANS :
BROTHERS PRODUCTIONS, and ST. :
MARTIN'S PRESS, INC., :
:
           Defendants. :
:
-------------------------------------------------------------x

       Defendants Keenan Ivory Wayans, Shawn Wayans, Marlon Wayans, Wayans Brothers Productions (the "Wayans Defendants") appearing by their attorneys Law Offices of Lawrence E. Fabian answering the Complaint of Plaintiff state as follows:

       1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

       2.    Deny each and every allegation set forth in paragraph 2 of the Complaint.

       3.    Paragraphs 3-4 of the Complaint are legal conclusions that do not require a response.

       4.    The Wayans Defendants are informed and believe that the allegation set forth in paragraph 5 of the Complaint is true and on that basis admits.

       5.    Deny each and every allegation set forth in paragraphs 6-8 of the Complaint except state that Keenan Ivory Wayans, Shawn Wayans and Marlon Wayans are residents of Los Angeles County, California.

       6.    Admit the allegations set forth in paragraph 9 of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint except state that St. Martin's Press, Inc. is now known as SMP (1952), Inc. and is a New York corporation with a principal place of business at 175 Fifth Avenue, New York, New York.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

9. Admit the allegations set forth in paragraph 12 of the Complaint.

10. Deny each and every allegation set forth in paragraph 13 of the Complaint except admit Mr. Edwards was employed by Defendant Wayans Brothers Productions and other entities controlled by the Wayans Defendants.

11. Deny each and every allegation set forth in paragraphs 14-15 of the Complaint.

12. Deny each and every allegation set forth in paragraphs 16-17 of the Complaint except state Mr. Edwards was hired to work on writing content.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint, except state that Mr. Edwards was hired to write and work on content for a book(s).

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 20-21 of the Complaint.

16. Deny each and every allegation set forth in paragraphs 22-24 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

18. Deny each and every allegation set forth in paragraphs 26-29 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 30-35 of the Complaint.

20. Deny each and every allegation set forth in paragraphs 36-38 of the Complaint.

21. Incorporates in response to paragraph 39 of the Complaint, each and every response to the allegations incorporated therein.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 40-42 of the Complaint, except to state that Plaintiff's "You Know You're a Goldigger When…" appears to have been copied from "101 Ways to Know You're a Goldigger."

23. Deny each and every allegation set forth in paragraph 43 of the Complaint as to the Wayans Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations relating to defendants other than the Wayans Defendants.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 44-46 of the Complaint.

25. Deny each and every allegation set forth in paragraphs 47-50 of the Complaint as to the Wayans Defendants, and denied knowledge or information sufficient to form a belief as to the truth of the allegations relating to defendants other than the Wayans Defendants.

26. Incorporates in response to paragraph 51 of the Complaint, each and every response to the allegations incorporated herein.

27. Denies each and every allegation set forth in paragraphs 52-58 of the Complaint as to the Wayans Defendants, and denies knowledge or information sufficient to form a belief as to the truth of the allegations relating to defendants other than the Wayans Defendants.

28. Denies each and every allegation as set forth in paragraph 59 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

29. Plaintiff's complaint and each of the three (3) claims must be dismissed for failure to state a claim.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

30. Plaintiff's purported claims for relief are barred in whole or in part by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

31. Plaintiff was an employee and the purported work, if done, was done as a "work made for hire."

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

32. Plaintiff's purported claims for relief are barred in whole or in part by the doctrine of *laches*.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

33. Plaintiff's copyright registration is invalid and his work is not the proper subject of United States copyright protection.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

34. Plaintiff's complaint must be dismissed by reason of Plaintiff's "unclean hands."

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims for relief are barred in whole or in part by the doctrine of waiver.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

36. Plaintiff's purported claims for relief are barred in whole or in part by the doctrine of estoppel.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

37. The Wayans Defendants' alleged actions, to the extent true, constitute fair competition in business.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

38. Plaintiff's complaint is barred by reason of failure to establish a right to have and/or register a copyright.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

39. Plaintiff's complaint must be dismissed on the grounds of improper venue.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

40. Any and all acts alleged to have been committed by the Wayans Defendants, if performed, were performed with lack of knowledge and/or willful intent.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

41. Upon information and belief, Plaintiff's purported claims for relief fail in whole or in part because Plaintiff's alleged copyright registration was fraudulently obtained.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

42. The Wayans Defendants reserve the right to rely on all further affirmative defenses that become available or appear during discovery proceedings in this action, and the Wayans Defendants further reserve the right to amend this Answer for that purpose.

## AS AND FOR A FIRST COUNTERCLAIM

43. By reason of the foregoing and pursuant to applicable law, the Wayans Defendants are entitled to their reasonable attorneys' fees and costs.

WHEREFORE, the Wayans Defendants demand judgment dismissing the Complaint, awarding judgment on the First Counterclaim for reasonable attorneys' fees, costs and the disbursements of this action, together with such other and further relief as to this court seems just and proper.

Dated: New York, New York
       February 11, 2010

LAW OFFICES OF LAWRENCE E. FABIAN

By:_____
    Lawrence E. Fabian (6251)
    Stephanie Seto (5410)
    *Attorneys for the Wayans Defendants*
    250 West 57th Street, Suite 1720
    New York, NY 10107
    (212) 644-8096

TO:    Kenneth P. Thompson, Esq.
         Ariel Y. Graff, Esq.
         Thompson Wigdor & Gilly LLP
         85 Fifth Avenue
         New York, NY 10003